IN THE UNITED STATES DISTRICT COURT **FILED**
FOR THE DISTRICT OF COLORADO   UNITED STATES DISTRICT COURT
DENVER, COLORADO

Civil Action No. 06-cv-02279-BNB

DEC 2 8 2006

GERALD ZACHARY HAMMOND,

GREGORY C. LANGHAM
CLERK

Applicant,

v.

CHIEF FOOS,

Respondent.

---

ORDER DIRECTING APPLICANT TO FILE
AMENDED APPLICATION

---

Applicant, Gerald Zachary Hammond, currently is detained at the Denver County

Jail in Denver, Colorado. Mr. Hammond has filed a *pro se* Application for a Writ of

Habeas Corpus Pursuant to 28 U.S.C. § 2241. The Court must construe the

Application liberally because Mr. Hammond is a *pro se* litigant. *See Haines v. Kerner*,

404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d

at 1110. For the reasons stated below, Mr. Hammond will be ordered to file an

Amended Application.

Mr. Hammond has failed to complete the Court-approved 28 U.S.C. § 2241

habeas corpus form in a manner that makes clear his claims and his attempts to

exhaust those claims. In order to pursue his claims in this action, Mr. Hammond must

allege, clearly and concisely, which of his constitutional rights have been violated and

how they have been violated. The only information Mr. Hammond provides in the Application is that he is a pretrial detainee, and he is illegally detained.

Mr. Hammond's Application fails to comply with Rule 8 of the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure apply to applications for habeas corpus relief. *See* Fed. R. Civ. P. 81(a)(2); *Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 269 (1978); *Ewing v. Rodgers*, 826 F.2d 967, 969-70 (10th Cir. 1987). Pursuant to Fed. R. Civ. P. 8(a), a pleading "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(e)(1) provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Hammond will be given an opportunity to file an Amended Application to clarify his claims. In addition, Applicant also must demonstrate that he has exhausted his state remedies before he may raise his claims in federal court. *See Montez v. McKinna* , 208 F.3d 862, 866 (10th Cir. 2000). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state's highest court. *See Castille v. Peoples*, 489 U.S. 346, 350-51 (1989). "The exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of

showing that he has exhausted all available state remedies.  *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).  Therefore, Mr. Hammond must clarify in the Amended Application the specific steps he has taken to exhaust state remedies for the claims he is asserting in this action.  Accordingly, it is

ORDERED that Mr. Hammond file **within thirty days from the date of this Order** an Amended Application that complies with the Order.  It is

FURTHER ORDERED that Mr. Hammond's Amended Application shall be titled, "Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241," and shall be filed with the Clerk of the Court for the United States District Court for the District of Colorado at the Alfred A. Arraj U.S. Courthouse, 901 Nineteenth Street, Room A-105, Denver, Colorado 80294-3589.  It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Hammond, together with a copy of this Order, two copies of the Court-approved Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 form.  It is

FURTHER ORDERED that if Mr. Hammond fails within the time allowed to file an Amended Application as directed, the Application will be denied and the action will be dismissed without further notice.

DATED December 28, 2006, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No.   06-cv-02242-BNB

Gerald Z. Hammond
Prisoner No.  1502209
Denver County Jail
PO Box 1108 Bldg 10B-5
Denver, CO 80201


I hereby certify that I have mailed a copy of the **ORDER and two copies of Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241** to the above-named individuals on ___12-28-06___

GREGORY C. LANGHAM, CLERK

By:_____
                    Deputy Clerk